IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-cr-00018-BLW |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| BRANDON LLOYD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On **October 6, 2020**, Defendant appeared before the undersigned Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding District Judge take his change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, his constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed. Further, the undersigned ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Having conducted the change of plea hearing and having inquired of Defendant, his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted, *subject, however*, to an issue over whether a plea of guilty can be entered, as a matter of law, to the particular charge of Aggravated Identity Theft without the Defendant also pleading guilty to a related predicate felony count. That issue is summarized in the following paragraphs for the benefit of the District Judge's review of this Report and Recommendation.

The offense to which Defendant pleaded guilty, Aggravated Identity Theft in violation of

**REPORT AND RECOMMENDATION - 1**

18 U.S.C. § 1028A, includes as an element the commission of one or more felony violations from a list enumerated in § 1028A(c). Defendant was charged by Indictment with several offenses besides the Aggravated Identity Theft charge, including multiple charges of wire fraud in violation of 18 U.S.C. § 1343 that may satisfy the predicate offense requirement for Aggravated Identity Theft. However, Defendant's agreement to plead guilty to the Aggravated Identity Theft charge was consideration for the Government's agreement to dismiss all other charges, including the predicate felony charges. The question that arises in this setting is whether a defendant may be convicted of Aggravated Identity Theft as a stand-alone offense.

The language of the offense statute suggests that a conviction for Aggravated Identity Theft may require, as an element, a *conviction* – rather than the uncharged (or dismissed charge) of commission of an enumerated predicate offense. In pertinent part, the statute provides that, "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person *shall, in addition to the punishment provided for such felony*, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added). Applying ordinary rules of statutory construction, including the requirement to give meaning to every word in a statute, the question raised is whether a stand-alone conviction under § 1028A without a conviction for an underlying offense would read out of the statute the highlighted language. When § 1028A is the only offense of conviction, there is no "punishment provided for [the predicate] felony" and therefore the punishment under § 1028A is not "in addition to" such other punishment.

The Court raised this issue at the change of plea hearing and asked counsel to address it. The Government cited to two unpublished 11th Circuit cases, *U.S. v. Reiss*, 278 Fed. Appx. 991 (11th Cir. 2008), and *U.S. v. Dew*, 490 Fed. Appx. 245 (11th Cir. 2012), in support of its position

**REPORT AND RECOMMENDATION - 2**

that a defendant may be convicted of Aggravated Identity Theft as a stand-alone offense. The Court reads *Reiss* as supporting such a position, but *Dew* does not. Regardless, as unpublished cases from a different jurisdiction, they are not binding precedent. The Government did not provide and the Court finds in its own research no treatment of this issue in the Ninth Circuit. Nor did the Court find the Ninth Circuit's jury instructions on Aggravated Identity Theft helpful to resolve the question.

The Government also referenced the Court to Department of Justice policy providing that a predicate felony does not have to be charged in order to support a § 1028A charge. Further, counsel for the Government said that other cases in this District have contained such a plea bargain, including the case against Mr. Lloyd's co-defendant in this case. *See, e.g., U.S. v. Faso*, Case No. 1:19-cr-00105-DCN. At least since 2008, the Government's position is what counsel represented.[1] And, it is relevant that a stand-alone conviction under § 1028A occurred in at least one other case in this District; however, it is unclear whether this precise issue was considered in the *Faso* case.

Finally, the Government compares § 1028A to 18 U.S.C. § 924(c), which criminalizes using or carrying a firearm "during and in relation to" any crime of violence or drug trafficking crime, or in the furtherance of any such crime. Stand-alone convictions under § 924(c), the Government says, are well-understood to be valid and proper. However, the language highlighted above from § 1028A is not found in § 924(c) (although the "during and in relation to" language is common to both statutes). Hence, the issue is not precisely analogous between the two statutes.

---

[1] *See United States Attorneys' Bulletin: Identity Theft*, March 2008, Volume 56, Number 2, at 16, available at https://www.justice.gov/sites/default/files/usao/legacy/2008/04/16/usab5602.pdf: "The predicate offense does not have to be charged as a substantive offense in order to adequately charge a § 1028A offense."

**REPORT AND RECOMMENDATION - 3**

Ultimately, of course, it is up to the presiding District Judge in this matter to decide the issue. This Report and Recommendation draws attention to the issue for the presiding judge's consideration. The undersigned makes no recommendation regarding the issue of whether a stand-alone conviction under § 1028A is proper. The Court encouraged counsel for the Government and for the Defendant to provide the District Judge with written argument on the issue following the issuance of this Report and Recommendation, if they so choose.

Recognizing that the District Judge may conclude that a stand-alone conviction under § 1028A is proper, the undersigned conducted the change of plea hearing in a manner by which the Defendant was asked to confirm that his conduct met the elements of the Aggravated Identity Theft charge (Count Seven) *and* the elements of a predicate wire fraud felony charge. The Government's counsel identified the elements of wire fraud under 18 U.S.C. § 1343 and offered a factual basis establishing Defendant's conduct satisfied such elements. Defendant admitted to the conduct described in the factual basis, including the facts necessary to establish wire fraud and aggravated identity theft. Thus, if the District Court concludes that it a conviction under § 1028A does not require a related conduct conviction of a predicate felony, then the record is sufficient to establish Defendant's guilt as to a violation of § 1028A without the need for a second change of plea hearing.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The District Court accept Defendant's plea of guilty to Count Seven of the Indictment (Dkt. 1), subject to the District Court's consideration of the predicate felony issue described in this Report and Recommendation; and

2. The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One through Six and Counts Eight through Ten of the Indictment (Dkt. 1) as to

**REPORT AND RECOMMENDATION - 4**

Defendant; and

3.  The District Court continue Defendant's release subject to the Order Setting Conditions of Release (Dkt. 18).

Written objections to this Report and Recommendation must be filed within 14 days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b). If no such objections are made, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: **October 6, 2020**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 5**