UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BRANDON LLOYD,<br><br>    Defendant. | Case No. 1:20-cr-00018-BLW-1<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    Before the Court is a Report and Recommendation filed by the United States Magistrate Judge. (Dkt. 30). On October 6, 2020, Defendant, Brandon Lloyd, appeared before the Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Magistrate Judge conducted the plea hearing and concluded there is a factual basis for Defendant's plea of guilty to the charges contained in Count 7 of the Indictment (Dkt. 1), and that it was entered voluntarily and with full knowledge of the consequences. No objections to the Report and Recommendation have been filed.

    The Report and Recommendation recommends that Defendant's guilty plea be accepted subject to this Court determining whether the crime of aggravated identity theft in violation of 18 U.S.C. § 1028A requires conviction of a predicate offense.[1]

---

[1] The relevant portion of the aggravated identity theft statute provides: "Whoever, during and in relation to [an enumerated felony], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

The Ninth Circuit has not addressed this issue. However, other circuits have uniformly found that the crime of aggravated identity theft requires the *commission* of a predicate felony but does not require *conviction* of a predicate felony. *See, e.g., United States v. Lopez-Diaz*, 749 F.3d 106, 115 (1st Cir. 2015) ("The predicate felony violation in section 1028A is simply an element of the crime of aggravated identity theft. The statute requires proof beyond a reasonable doubt of a felony violation, not a felony conviction."); *United States v. Stepanian*, 570 F.3d 51, 60 n.15 (1st Cir. 2009) ("To the extent Stepanian wishes to argue that the government must separately allege and charge the predicate crime in order to charge a § 1028A offense[,] ... the statutory language lends no support to that proposition"); *United States v. Jenkins-Watts*, 574 F.3d 950, 970 (8th Cir. 2009) ("[T]he government's decision to charge Jenkins with four counts of aggravated identity theft, and not an additional four counts of [the predicate felony of] access device fraud, did not render the indictment fatally insufficient so as to fail to charge the offense of conviction or deprive the court of jurisdiction.").

Although this out-of-circuit authority is not binding, the Court finds this authority to be persuasive and consistent with the statutory language of § 1028A. Further, the Court has not found any case holding that conviction, rather than only commission, of a predicate felony is required. The Court therefore holds that the crime of aggravated identity theft does not require conviction of a predicate felony offense, and that a defendant can be properly convicted of a standalone offense of aggravated identity theft in violation of 18 U.S.C. § 1028A.

Turning to Defendant's guilty plea, the Court has reviewed the record and finds that the requirements of Rule 11 have been met. *See United States v. Reyna-Tapia,* 328 F.3d 1114 (9th Cir. 2003). Specifically, the Court finds that the Magistrate Judge adhered to the requirements of Rule 11(b); that under Rule 11(b)(2), the Defendant's plea was voluntary and not the result of force or threats or promises apart from the plea agreement; and that a factual basis for the plea exists. *See id.* Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation (Dkt. 30) shall be, and the same is hereby, ADOPTED as the decision of the District Court and incorporated fully herein by reference to the extent it is not inconsistent with this order.

IT IS FURTHER ORDERED that the Defendant's plea of guilty to the crimes charged in Count Seven of the Indictment (Dkt. 1) shall be, and the same is hereby, ACCEPTED by the Court as a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

IT IS FURTHER ORDERED that Defendant Brandon Lloyd is found to be GUILTY as to the applicable crimes charged in Count Seven of the Indictment (Dkt 1).

IT IS FURTHER ORDERED that Defendant's release is continued subject to the Order Setting Conditions of Release (Dkt. 18).



DATED: November 2, 2020

B. LYNN WINMILL
Chief U.S. District Court Judge